UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BALANCECXI, INC. D/B/A ZACOUSTIC, | § | |
| | § | |
| *Plaintiff* | § | |
| V. | § | Civil Action No. 1:19-cv-767-RP |
| | § | |
| INTERNATIONAL CONSULTING & | § | |
| RESEARCH GROUP, LLC, | § | |
| CHRISTOPHER DESIMONE, AND | § | |
| ADAM OLDFIELD | § | |
| | § | |
| *Defendants* | | |

---

## PLAINTIFF BALANCECXI, INC. D/B/A ZACOUSTIC'S
## MOTION FOR RULE 37(b) DISCOVERY SANCTIONS

---

Pursuant to Federal Rule of Civil Procedure 37(b), the Court's inherent powers, and the Court's Order [Dkt. # 65], Plaintiff BalanceCXI, Inc. d/b/a Zacoustic ("**BalanceCXI**") files this Motion for Rule 37(b) Discovery Sanctions ("**Motion for Sanctions**") against Defendants International Consulting & Research Group, LLC ("**ICAR**"), Christopher DeSimone ("**DeSimone**"), and Adam Oldfield ("**Oldfield**") (collectively, "**Defendants**") and respectfully shows the Court as follows:

### SUMMARY

Defendants willfully destroyed critical evidence and failed to comply with the Court's March 13, 2020 Motion to Compel Order ("**Compel Order**") [Dkt. # 46] to produce all of the responsive Devices and documents. Defendants also failed to provide answers to interrogatories and have not produced metadata for key emails and messages. On April 17, 2020 and pursuant to

the Court's Compel Order, BalanceCXI filed an Advisory [Dkt. # 62] ("*Advisory*").[1] Following review of the Advisory, the Court ordered [Dkt. # 65] BalanceCXI to move for specific relief based on Defendants' failure to comply with the Court's Compel Order.

Pursuant to the Court's order, BalanceCXI files this Motion for Sanctions under Rule 37(b) of the Federal Rules of Civil Procedure. Specifically, BalanceCXI requests that the Court enter an order: (1) striking Defendants' Answer pursuant to Rule 37(b)(2)(A)(iii) and (2) rendering a no-answer judgment against Defendants pursuant to Rule 37(b)(2)(A)(vi). Because Defendants demonstrate flagrant bad faith and disregard of their responsibilities, the sanction of entry of default judgment is appropriate. In the alternative, and pursuant to Rule 37(b)(2)(A)(i), BalanceCXI requests that the Court enter an order directing that liability be taken as established on BalanceCXI's claims for misappropriation of trade secrets under the Defend Trade Secrets Act (Count One), misappropriation of trade secrets under the Texas Uniform Trade Secrets Act (Count Two), breach of contract against DeSimone (Count Three), breach of contract against Oldfield (Count Four), and violation of the Computer Fraud and Abuse Act (Count Seven). In addition, BalanceCXI seeks an order directing Defendants to pay its attorneys' fees and expenses pursuant to Rule 37(b)(2)(C).

## LEGAL ARGUMENT & AUTHORITIES

### I.  The Court should grant BalanceCXI sanctions under Federal Rule 37(b).

District courts have "broad discretion" under Federal Rule 37(b) to impose remedies for Defendants' failure to comply with the Court's Compel Order that are "suited" to the misconduct at issue. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 488 (5th Cir. 2012);

---

[1] BalanceCXI incorporates by reference the factual contentions, evidence, and arguments made in the Advisory [Dkt. # 62] and in BalanceCXI's Motion to Compel [Dkt. # 12] filed on December 16, 2019 ("*Motion to Compel*"), including exhibits to both.

*see also The Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). Rule 37(b) sanctions are intended to both "[reimburse] the moving party and deter[] the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co*., 788 F.2d 1110, 1114 (5th Cir. 1986).

 The powers of the Court in this area are broad and include sanctions up to and including dismissal. *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 641 (1976); *Bradt v. Corriette*, No. A-16-CV-805-LY, 2018 WL 1866112, at *2 (W.D. Tex. Apr. 18, 2018). Under Federal Rule 37(b)(2)(A), sanctions "may include the following":

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Federal Rule 37(b)(2)(C) also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Even where Rule 37 is not directly applicable, but sanctions are appropriate, the Court may rely on its inherent authority to impose sanctions, including striking a party's pleadings. *Chambers v. NASCO*, 501 U.S. 32, 44 (1991); *see also Deutsch v. Henry*, No. A-15-CV-1238-LY-ML, 2016 WL 7165993,

at *15 (W.D. Tex. Dec. 7, 2016); *Gray v. MYRM Holdings, L.L.C.*, No. A–11–CV–180, 2012 WL 2562369, at *4 (W.D. Tex. June 28, 2012).

### A. The Court should strike Defendants' Answer and render a default judgment pursuant to Federal Rule 37(b)(2)(A)(iii), (vi).

Defendants have refused to comply with this Court's Compel Order and, therefore, their Answer should be stricken and a no-answer default judgment should be rendered against them.[2] Rule 37(b)(2)(A)(iii), (vi) expressly contemplates striking a pleading and entry of default as sanctions for failing to comply with a court's order. Furthermore, "courts have consistently demonstrated their willingness to impose the ultimate sanction of dismissal or default." *Moore v. CITGO Ref. & Chemicals Co., L.P.,* 735 F.3d 309, 316 (5th Cir. 2013) (internal citations omitted). A Rule 37 default "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 643. If the abuses are egregious, as in this case, such dismissal is an available and appropriate sanction. *See id.*

In order to impose a Rule 37(b)(2)(A)(iii) or (vi) sanction for violating a discovery order: "(1) the refusal to comply must result from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially

---

[2] Where a defendant's answer is stricken as a sanction, such as for refusal to comply with a court's order and for impeding the course of litigation, and where a default is sought, the situation is treated as a "no-answer default judgment" as if no answer ever had been filed. *In re Matter of Pancake*, 106 F.3d 1242, 1244-45 (5th Cir. 1997) (holding "[i]n that context the defendant is deemed to admit the plaintiff's pleadings and, thus, judgment may be entered based upon those pleadings" as if no answer ever had been filed).

achieve the desired deterrent effect." *Moore,* 735 F.3d at 316.[3] All four factors favor the entry of a no-answer default judgment. Here, Defendants have actively flouted their obligations to preserve evidence and have also deliberately hidden and destroyed evidence. Given the damage that Defendants' conduct could have on the administration of justice, the need to deter such egregious conduct in the future, and the prejudice to BalanceCXI, only the strongest remedy available is sufficient.

### 1. *Defendants' behavior was willful and in bad faith and is accompanied by a record of delay and contumacious conduct.*

First, the refusal to comply results from willfulness or bad faith and a clear record of delay and willfully disobedient conduct. Willfulness may be demonstrated by a party's "failure to comply with the court's discovery order even after he was personally instructed to do so. . . ." *Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012). "Willfulness also can be evidenced by a repeated failure to provide anything other than generalized or non-responsive answers in response to specific requests for compliance by the court." *Id*. The district court is permitted to "rely on its complete understanding of the parties' motivations." *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998). This understanding may be informed by "the dilatory and obstructive conduct" of the parties. *Id.*

Here there is a long history of delay and willfully disobedient conduct. The conduct underlying BalanceCXI's request for sanctions began with Defendants' willful disregard of BalanceCXI's instructions to refrain from: (1) copying any source code, files, programs, or other intellectual property from the Devices; and (2) deleting or modifying any programs, data, or files

---

[3] These four factors were first articulated in *FDIC v. Conner,* 20 F.3d 1376, 1380-81 (5th Cir. 1994) and are referred to as the *Conner* factors, which are applied when a court determines whether to dismiss the plaintiff's case with prejudice under Rule 37(b).

from the Devices. These instructions were first provided to Defendants over a year ago.[4]
Defendants ignored them and have impeded the course of this litigation through evasiveness and
concealment ever since. Defendants then disregarded this Court's Compel Order [Dkt. # 46]
instructing Defendants to produce responsive Devices and documents. And every Device that
Defendants have produced in this case has shown further evidence of deletion and tampering. In short,
Defendants flouted their obligations to preserve evidence, deliberately destroyed evidence, and then
actively attempted—multiple times—to cover their tracks. Finally, in direct violation of the Court's
order, Defendants have not appropriately responded to Interrogatory No. 7 or produced the metadata
ordered. Taken together, all this leads to one conclusion: Defendants have willfully disobeyed the
Court's Compel Order [Dkt. # 46] and obstructed discovery throughout this case.

### 2. *The misconduct is attributable to Defendants.*

Second, the violation of the Court's Compel Order is attributable to Defendants instead of
their attorney. Defendants had control of the Devices and there is no reason to suspect that
Defendants' attorney had anything to do with the destruction of evidence. As described in the
Advisory [Dkt. # 62], this destruction was not isolated to the events of April 9, 2019. It continued
even after BalanceCXI filed its Motion to Compel [Dkt. # 12]. And, despite the Court's Compel
Order [Dkt. # 46], Defendants failed to disclose or produce additional Devices that were revealed
only through BalanceCXI's deeper forensic examination. This was Defendants' wrongdoing.

### 3. *BalanceCXI is substantially prejudiced by Defendants' misconduct.*

Third, Defendants' misconduct substantially prejudices BalanceCXI's ability to prove its
case. Defendants have strenuously denied that they have copied any of BalanceCXI's trade secrets,
including source code. Irreplaceable evidence of whether Defendants copied any of BalanceCXI's

---

[4] Motion to Compel, Dkt. No. 12-3, at p. 5.

source code would come through examining all of the relevant Devices. Unfortunately, because of Defendants' actions, this information is likely gone or permanently irretrievable. As discussed in the Advisory [Dkt. # 62] and attached forensic reports, the prodigious use of CCleaner makes it impossible for BalanceCXI to ascertain the full extent of the BalanceCXI trade secrets and other property stolen. And by continuing to tamper with Devices, and either destroying or failing to produce others, Defendants have effectively foreclosed BalanceCXI's ability to trace and recover its data. And, as is evident by Defendants' cover up, BalanceCXI cannot rely on Defendants to be forthcoming about BalanceCXI information. Defendants have inflicted substantial prejudice upon BalanceCXI.

### 4. *A lesser sanction will not have the desired deterrent effect.*

Finally, a lesser sanction than striking Defendants' pleadings will not achieve the desired deterrent effect. The Fifth Circuit has rejected the view that a court is required to attempt to coax a party into compliance with a discovery order by imposing incrementally increasing sanctions. *Moore*, 735 F.3d at 317. In fact, the Court's own threats of lesser sanctions have already been insufficient to deter Defendants from misconduct:

- February 26, 2020 Order [Dkt. # 43] ("The parties are **WARNED** that if the Court determines at the hearing that a party's position is not substantially justified, it will award sanctions against that party or their counsel.")

- March 5, 2020 Hearing Transcript ("THE COURT: …And we can do it the easy way or we can do it the hard way, I guess is the way to put it. And I would ask, Mr. O'Brien, for you to make sure your clients understand that, at this point, it's going to benefit them to be transparent and to not, you know, make us go through this one by one by one by one and fight along the whole way.")

- March 13, 2020 Order [Dkt. # 46] ("The Defendants dug themselves a deep hole through their actions immediately prior to returning their laptops, and if they wish to avoid making that hole deeper, the Court strongly recommends that the Defendants unfailingly comply with their discovery obligations moving forward. Failure to do so will result in the Court imposing monetary, and perhaps other, sanctions against them.")

- March 13, 2020 Order [Dkt. # 46] ("The conduct of the Defendants in carrying out the orders contained herein will be a factor in the Court's decision on whether, and to what extent, it should award fees and costs.")

Where, as in this case "a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 465 (W.D. Tex. 2006). Here, the sanction is required in order to deter other defendants in similar cases from similar misconduct. *See id.* (holding that where defendant destroyed crucial evidence on her computer and used wiping software, the evidence was likely already gone and only a default judgment against defendant would "adequately deter its repetition in other cases"). Defendants have already shown that they will not be persuaded by lesser sanctions to end their continued misconduct and cover up. Only Rule 37(b)(2)(A)(iii) or (vi) sanctions will achieve the desired deterrent effect on both Defendants and future litigants from engaging in such misconduct.

**B. In the alternative, the Court should direct that liability on BalanceCXI's misappropriation of trade secrets, breach of contract, and violation of Computer Fraud and Abuse Act claims be taken as established under Rule 37(b)(2)(A)(i).**

In the alternative, BalanceCXI requests that the Court enter an Order directing that liability be taken as established on BalanceCXI's claims for misappropriation of trade secrets under the Defend Trade Secrets Act (Count One), misappropriation of trade secrets under the Texas Uniform Trade Secrets Act (Count Two), breach of contract against DeSimone (Count Three), breach of contract against Oldfield (Count Four), and violation of the Computer Fraud and Abuse Act (Count Seven). Under Rule 37(b)(2)(A)(i), as a sanction for Defendants' failure to comply with the Court's order, the Court may enter an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims."

Therefore, pursuant to Rule 37(b)(2)(A)(i), the Court may prevent Defendants from opposing or disputing certain facts because Defendants failed to provide sufficient information to permit BalanceCXI to adequately account for discoverable information in the presentation of its case—sometimes referred to as an adverse inference or presumption sanction. *Chilcutt v. United States*, 4 F.3d 1313, 1354 (5th Cir. 1993) ("When parties present no valid objections to discovery and intentionally withhold properly requested information, courts have the authority to presume that the party's refusal to produce the information is an admission of the want of merit in the asserted defense.").

Since Defendants have not produced meaningful responses to, at least, the request for Devices, the identity of their customers, and relevant metadata, as required by the Court's Compel Order, BalanceCXI is prevented from determining whether Defendants have misappropriated its trade secrets, including source code, and whether Oldfield and DeSimone have breached their contractual confidentiality[5] and non-competition[6] obligations. Therefore, BalanceCXI requests an instruction on liability as to its misappropriation claim and an instruction on liability as to its breach of contract claims. Further, the forensic examination reveals that information on the Devices belonging to BalanceCXI was accessed, copied, and deleted in violation of the Computer Fraud

---

[5] Under their Non-Compete Agreements, DeSimone and Oldfield agreed to maintain the confidentiality of BalanceCXI's trade secrets and not to use the information for their own benefit or to disclose the information to any third party.

[6] DeSimone and Oldfield agreed that, for a period of three years following the termination of the agreement, not to provide services to any company competing in the space of providing any kind of customer experience (CX) or first contact resolution (FCR) through either software or process optimization or any direct competitor of BalanceCXI. DeSimone and Oldfield also agreed not to solicit, induce, or attempt to induce any employee or other person associated with BalanceCXI to leave the employment of or to discontinue their association with BalanceCXI.

and Abuse Act.[7] Therefore, BalanceCXI also requests an instruction that Defendants have violated the Computer Fraud and Abuse Act.

## II.  At minimum, BalanceCXI is entitled to its attorneys' fees and expenses.

BalanceCXI is entitled to its reasonable expenses and attorneys' fees caused by Defendants' failure to comply with the Court's Compel Order. Under Rule 37(b)(2)(C), instead of or in addition to the orders issued for failure to obey the Court's Order, a court "must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees would be unjust or that the opposing party's position was substantially justified." *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 278 (N.D. Tex. 2017).

BalanceCXI was forced to file its Motion to Compel to get Defendants to produce any Devices, verified interrogatory responses, and basic business records that should have been produced six months ago. BalanceCXI was then forced to prepare for and participate in a discovery hearing and ultimately file this Motion for Sanctions when Defendants refused to comply with the Court's Compel Order. Had Defendants complied with the rules of discovery and the orders of this Court, none of this effort would have been necessary. Pursuant to Rule 37(b)(2)(C), BalanceCXI

---

[7] In order to establish liability under the Computer Fraud and Abuse Act, BalanceCXI must establish that Defendants knowingly and intentionally accessed BalanceCXI's computer network without authorization and/or exceeded their authorized access, and thereafter accessed information before deleting and/or otherwise destroying information from a protected computer in violation of, among others, 18 U.S.C. § 1030(a)(2)(c).

requests that Defendants be ordered to pay BalanceCXI's costs (including forensic costs) and

reasonable attorneys' fees spent as a result of Defendants' failure to comply with discovery.[8]

## **CONCLUSION**

Therefore, BalanceCXI respectfully requests that this Court:

(1) grant this Motion for Sanctions;

(2) strike Defendants' Original Answer and Affirmative Defenses and render a no-answer default judgment against Defendants, or in the alternative enter an order directing that liability be taken as established on BalanceCXI's claims for misappropriation of trade secrets under Defend Trade Secrets Act (Count One), misappropriation of trade secrets under Texas Uniform Trade Secrets Act (Count Two), breach of contract against DeSimone (Count Three), breach of contract against Oldfield (Count Four), and violation of the Computer Fraud and Abuse Act (Count Seven);

(3) order Defendants to pay BalanceCXI's reasonable expenses (including attorneys' fees and forensic examiner's fees) incurred in connection with both the original Motion to Compel and this Motion for Sanctions;

(4) order Defendants to show cause in writing and filed with the Court why Defendants did not comply with the Court's Order and why a no-answer default judgment should not be rendered against Defendants; and/or

(5) grant BalanceCXI any other relief for which BalanceCXI is entitled.

Dated: April 22, 2020.

---

[8] Pursuant to the Court's Compel Order, the Court's decision on whether to award sanctions based solely on Defendants' conduct regarding the Motion to Compel remains pending. *See* Compel Order [Dkt. # 46] ("As mentioned at the hearing, the conduct of the Defendants regarding their laptops documented in the evidence now before the Court is very concerning. Coupled with the difficulty BalanceCXI has had in obtaining the production of records, and the fact that very little was produced until immediately prior to the Court's hearing, the Court believes an award of fees is likely justified. Further, the Court believes the award would properly be made against the Defendants, based on the presently available information. The Court, however, will reserve ruling on that issue until the discovery mandated by this order has taken place"). As the Court instructed at the hearing on the Motion to Compel, if the Court orders costs or attorneys' fees as a result of the Motion to Compel and/or this motion, BalanceCXI will submit its claim for costs or attorneys' fees pursuant to Local Rule CV-7(j).

Respectfully submitted,

*/s/ Adam H. Sencenbaugh*
Adam H. Sencenbaugh
State Bar No. 24060584
adam.sencenbaugh@haynesboone.com
J. Iris Gibson
State Bar No. 24037571
iris.gibson@haynesboone.com
Henson Adams
State Bar No. 24101418
henson.adams@haynesboone.com
HAYNES AND BOONE, L.L.P.
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: 512-867-8400
Facsimile: 512-867-8470

**ATTORNEYS FOR BALANCECXI, INC. D/B/A ZACOUSTIC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 22, 2020, a copy of the foregoing instrument was served on counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

*/s/ Henson Adams*
 Henson Adams

4852-7113-0298