# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BALANCECXI, INC. d/b/a ZACOUSTIC | § | |
| | § | |
| V. | § | 1:19-CV-0767-RP |
| | § | |
| INTERNATIONAL CONSULTING and | § | |
| RESEARCH GROUP, LLC, et al. | § | |

## ORDER

Before the Court is Defendants' Motion to Modify Rule 29 Discovery Stipulation: Device Production Protocol (Dkt. No. 70); and the associated response and reply. The District Court referred the motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

The motion relates to the Device Production Protocol filed with the Court on December 19, 2019. Dkt. No. 19.  This Stipulation states:

> On or before December 19, 2019 or as otherwise agreed to by the Parties, Defendants shall deliver to undersigned Plaintiff's counsel all computers, electronic storage devices, cloud-based storage devices, electronic device, or other data storage media to which ICAR, DeSimone, or Oldfield directly or indirectly copied, transferred, or otherwise moved data, files, information, or materials from any electronic storage device, cloud-based storage device, electronic device, or other data storage media owned by Plaintiff, including but not limited to the work laptops Plaintiff issued to Oldfield or DeSimone (the "Devices"). This includes providing password(s) or any other information needed to access the Devices.

Dkt. No. 19. The Stipulation requires BalanceCXI to create a forensic image of the Devices, provide a numbered list of files and provide that to Defendants, who have five days to designate such files as "personal information." The Stipulation states, "once the devices have been imaged, the Devices shall remain in the custody of the undersigned Plaintiff's counsel until such time as set forth in Section 6 of this Agreement." *Id.* Section 6 states:

> If after examination of the Image, Plaintiff discovers that Plaintiff's Information resides on the Image, Plaintiff will forensically remediate all Plaintiff's Information from the Devices, permanently wiping all Plaintiff's Information from the Devices. Following forensic remediation, Plaintiff will return the Devices to Defendants. If, after examination of the Image, Plaintiff discovers that Plaintiff's Information does not reside on the Image, Plaintiff will return the Devices to Defendants.

Dkt. No. 19 at 4.

Defendants move to modify the Stipulation, asserting that BalanceCXI has not returned any of the Produced Devices, despite having them for months, and that Plaintiff's counsel now takes the improper position that the Protocol permits BalanceCXI to indefinitely retain the devices Defendants produce until BalanceCXI obtains all devices it deems responsive. Defendants argue that Oldfield's computer is not responsive, but state that if BalanceCXI does seek it, it must be done in a manner that does not disrupt Oldfield's work. Defendants seek to modify the Protocol to facilitate the return of previously-produced devices and establish deadlines for the return of other devices they have yet to produce, such as Oldfield's computer. Defendants have submitted a Modified Device Protocol, Dkt. No. 70-6, which they wish the Court to enter. The Modified Device Protocol allows Defendants to image devices themselves, and requires return of the Previously Produced Devices within three days of the Court's Order modifying the Protocol.

BalanceCXI responds that Defendants are attempting to rewrite the Protocol, which is an enforceable contract, in order to avoid their prior duty to produce Oldfield's laptop and any other responsive device containing BalanceCXI's data. BalanceCXI argues that it negotiated this contract with Defendants for over two months, and they cannot now avoid meeting its terms through court intervention. Additionally, BalanceCXI asserts it is in compliance with the Protocol in retaining Defendants' Produced Devices until they produce all responsive devices. BalanceCXI argues that

Defendants have failed to produce Oldfield's current laptop, and are using the Protocol as an excuse not to produce it. Additionally, BalanceCXI argues that the changes that Defendants suggest are sweeping, and undermine the purpose and perameters of the agreement.

Under Federal Rule of Civil Procedure 29(b), parties may stipulate to the "procedures governing or limiting discovery," so long as they do not alter the discovery timeline. FED. R. CIV. P. 29(b). The purpose of allowing such party agreements is to increase the efficiency of litigation. *See Garza v. Webb Cnty, Tex.*, 296 F.R.D. 511, 512 (S.D. Tex. 2014); FED. R. CIV. P. 29(b), Advisory Committee Notes to 1993 Amendments. Rule 29 does state, however, that the parties may agree to any such stipulation "unless the Court orders otherwise," thereby allowing a court to reject or modify any such stipulation. FED. R. CIV. P. 29.

Simultaneously with the entry of this order, the undersigned has entered a Report and Recommendation on BalanceCXI's Motion for Sanctions (Dkt. No. 66). In it, the Court recommends the entry of a default judgment against DeSimone and Oldfield on all of BalanceCXI's theft of trade secrets claims. The Court notes in the R&R that Oldfield's failure to produce his current laptop for inspection may no longer be an issue, both because of the recommendation that a default judgment be entered, and because Oldfield has testified that he reformatted the laptop in January 2020, which likely destroyed all the evidence BalanceCXI intended to obtain from its forensic examination. *See* Report & Recommendation at 19 n.7. In light of this, the Court will refrain from entering any orders related to the laptop at this time.

Having said this, the Court disagrees that the existing Protocol permits BalanceCXI to continue to keep possession of the two devices it has had since December 2019—a Western Digital USB drive, and a Lexar flash drive. Those devices have been imaged, and have been subjected to

a full forensic examination. BalanceCXI shall thus return those devices to the Defendants' counsel within 14 days of the date of this order. With regard to Oldfield's current laptop, for the reasons stated above, the Court will not order Oldfield to surrender it for examination at this time, without prejudice to BalanceCXI requesting such an examination in the future. In the event BalanceCXI requests the laptop for examination in the future, the terms of the existing Protocol are adequate to address the process for that. As with the other devices, once the laptop has been imaged, and any data remediated as called for in the Protocol, it must thereafter be returned to Oldfield. In short, the existing Protocol does not need to be amended or modified.

Accordingly, Defendants' Motion to Modify Rule 29 Discovery Stipulation: Device Production Protocol (Dkt. No. 70) is **DENIED**.

SIGNED this 24th day of November, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE