UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BALANCECXI, INC. D/B/A ZACOUSTIC, | § § | |
| *Plaintiff* | § § | |
| V. | § | Civil Action No. 1:19-cv-767-RP |
| | § | |
| INTERNATIONAL CONSULTING & RESEARCH GROUP, LLC, CHRISTOPHER DESIMONE, AND ADAM OLDFIELD | § § § § § | |
| *Defendants* | § | |

**PLAINTIFF BALANCECXI, INC. D/B/A ZACOUSTIC'S
APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

Pursuant to the Court's Amended Order,[1] Plaintiff BalanceCXI, Inc. d/b/a Zacoustic ("***BalanceCXI***") submits the following Application for Attorneys' Fees and Expenses.

Judge Austin described the actions of Defendants DeSimone and Oldfield (collectively, "***Defendants***") as "some of the most extreme examples of spoliation of evidence [he] has witnessed in his 21 years on the bench."[2] As his Report and Recommendation noted, it was Defendants' "actions and their lack of transparency" that required BalanceCXI "expend a

---

[1] The Court's Amended Order (Dkt. 111) ordered that "Defendants DeSimone and Oldfield shall, jointly and severally, pay Plaintiff the attorneys' fees and expenses it incurred in filing and arguing the Motion to Compel, (Dkt. 12), and the instant Motion for Rule 37(b) Discovery Sanctions, (Dkt. 66)." In addition to attorneys' fees, the Report and Recommendation (Dkt. 98), adopted by the Amended Order (Dkt. 111), included the costs of the forensic expert incurred by BalanceCXI as part of the attorneys' fees and expenses. Finally, the Court ordered BalanceCXI to submit an application (or the parties' agreement) within 14 days of the Amended Order (Dkt. No. 111). Because the parties could not agree on the attorneys' fees and expenses, BalanceCXI timely submits this application on February 17, 2021.

[2] Report and Recommendation (Dkt. 98), at p. 28.

significant amount of legal resources" to uncover Defendants' misconduct and track BalanceCXI's data.[3] Accordingly, BalanceCXI requests an award of $314,202.00 of attorneys' fees and $23,810.00 in forensic costs.

## THE APPLICATION

### A. The Court should apply the lodestar method.

Courts use the "lodestar" method to calculate attorneys' fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  The "lodestar" is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

Local Rule CV-7(j) requires that an application for attorneys' fees and expenses include a document organized by activity, attorney name, date, and hours expended. BalanceCXI has attached such a document as **Exhibit A**, which organizes the invoices found in **Exhibits B.5** and **B.6**. Local Rule CV-7(j) also requires that an application for attorneys' fees and expenses include an attorney certification that the hours expended were actually expended and that the billed rate

---

[3] Report and Recommendation (Dkt. 98), at p. 28.

and hours were reasonable. BalanceCXI has attached the Declaration of Adam Sencenbaugh as **Exhibit B**, in which he makes those certifications, among other things. Expert testimony is not required because the "the district court is itself an expert in assessing these matters." *Rhodes v. Vandyke*, No. MO:17-CV-00114-DC, 2018 WL 2925133, at *3 (W.D. Tex. June 11, 2018) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976)).

### B. The hourly rates were reasonable.

The hourly rates charged by BalanceCXI's attorneys (and staff member) and R3 Digital Forensic were reasonable. The rates of the attorneys and staff member who performed work in connection with BalanceCXI's request are set forth in the table below:[4]

| Summary of Attorneys' Fees by Time Keeper ||||| 
|---|---|---|---|---|
| Time Keeper | Title | Rate | Hours Billed | Fee |
| Adam H. Sencenbaugh | Partner | $ 725.00 | 192.8 | $ 139,780.00 |
| Iris Gibson | Counsel | $ 700.00 | 38.1 | $ 26,670.00 |
| Henson Adams | Associate | $ 495.00 | 276.7 | $ 136,966.50 |
| Chrissy Long | Associate | $ 495.00 | 17.9 | $ 8,860.50 |
| Mike Brockwell | Trial Services Consultant | $ 350.00 | 5.5 | $ 1,925.00 |
| | | Grand Total | 531 | $ 314,202.00 |

R3 Digital Forensics charged at an hourly rate range of $250 to $325 for its work for which BalanceCXI seeks an award of forensic costs.

"[T]he rate charged by similarly-sized firms in the Austin community is an appropriate metric by which to determine the reasonable average hourly rate." *Beneplace, Inc. v. Pitney Bowes, Inc.*, A-15-CV-65-LY-ML, 2016 WL 11582932, at *3 (W.D. Tex. Apr. 29, 2016) (citing *Coach Inc. v. Couture*, Civil Action No. SA-10-CV-601-XR, 2012 WL 3249470, at *1–2 (W.D. Tex. Aug. 7, 2012) (citing firm size in assessing reasonableness of attorney's hourly rate in fee application)); *Ultimate Living Intern., Inc. v. Miracle Greens Supplements, Inc.*, Civil Action No.

---

[4] See Exhibit A; Exhibit B.5.

3:05-CV-1745-M, 2008 WL 4133083, at *3 (N.D. Tex. Aug. 29, 2008) (considering the "size and reputation of applicant's firm" as a significant factor in determining the reasonable hourly rate for the court's award of attorney's fees); *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 280 (E.D.N.Y. 2008) ("[T]he size and caliber of a firm may also be considered when determining a reasonable hourly rate.")).

In determining whether the hourly rate is reasonable, courts will review survey data of hourly rates within the relevant legal community. *Halprin v. Fed. Deposit Ins. Corp.*, 5:13-CV-1042-RP, 2020 WL 411045, at *7 (W.D. Tex. Jan. 24, 2020); *see also Sanchez Y Martin, S.A. De C.V. v. Dos Amigos, Inc.*, No. 17cv1943-LAB-LL, 2019 U.S. Dist. LEXIS 134739, at *36 (S.D. Cal. 2019) (relying on Peer Monitor data to find rates reasonable); *Regeneron Pharm., Inc. v. Merus N.V.*, No. 14-cv-1650 (KBF), 2018 U.S. Dist. LEXIS 115661, at *11 (S.D.N.Y. 2018) (relying on Valeo Report to find rates reasonable).

The hourly rates charged by the attorneys were reasonable based on the comparable rates charged by other AmLaw 100 law firms within the Austin, Texas community (Haynes and Boone, LLP was an AmLaw 100 firm during the relevant period).[5] Lead counsel for BalanceCXI has certified that the charged hourly rates were reasonable based on information and belief formed from review of rate data and his experience.[6] And BalanceCXI's charged attorney rates are comparable to the billing rate survey data of AmLaw100 in the Austin, Texas community for 2019

---

[5] Exhibit B, Sencenbaugh Decl. ¶ 17.

[6] Exhibit B, Sencenbaugh Decl. ¶¶ 13-18.

and 2020. This is true using two different surveys: (1) Thomson Reuter's Peer Monitor, and (2) Valeo Partners.[7]

Lead counsel BalanceCXI has also certified that, based on his knowledge of the experience and reputation of R3 Digital Forensics, the hourly rates charged by R3 Digital Forensics were reasonable. In short, the hourly rates underlying the attorneys' fees and expenses were reasonable.[8]

### C. The hours expended were reasonable.

The hours expended by BalanceCXI's attorneys (and staff member) and R3 Digital Forensics were reasonable. The time entries contained in **Exhibit B.5** are true and contemporaneous time entries reflecting work performed by Haynes and Boone attorneys and staff and the hours expended were actually expended on the activities as stated in the time entries.[9]

BalanceCXI's attorney also reviewed each time entry and exercised billing judgment by reducing hours where appropriate, including where the recorded time was excessive, duplicative, or inadequately documented. Those reductions are shown by brackets or "No Charge" within the time entries in **Exhibit B.5**, and the billed time already reflects the corresponding reduction.[10]

The time entries billed by R3 Digital Forensics, which are contained in **Exhibit B.6**, accurately reflect the work that BalanceCXI requested that R3 Digital Forensics perform on its

---

[7] Exhibit B.7 (Peer Monitor) and Exhibit B.8 (Valeo Partners). Based on the proprietary nature of this data and received permissions to use the data, BalanceCXI has filed these reports under seal.

[8] Indeed, other federal courts have approved rates like those charged by BalanceCXI's attorneys in this matter. *See, e.g.*, *Regeneron Pharm., Inc.*, 2018 U.S. Dist. LEXIS 115661, at *11 (approving blended associate rates of $699 and $422 to $664 and a blended partner rate of $822); *Slipchenko v. Brunel Energy, Inc.*, No. 11-1465, 2015 WL 338358, at *19 (S.D. Tex. Jan. 23, 2015) (approving billing rates ranging from $415 to $530 for associates and $635 to $775 for partners) (collecting cases); *S & H Ind., Inc. v. Selander*, Civil Action No. 3:11-CV-2988-M-BH, 2014 WL 1116700, at *6 (N.D. Tex. 2014) (finding $468 to be a reasonable hourly fee for an associate attorney).

[9] Exhibit B, Sencenbaugh Decl. ¶ 20.

[10] Exhibit B, Sencenbaugh Decl. ¶ 21.

behalf related to this matter. Given the complexity of the forensic issues, in particular those created by Defendants' use of specialized software to delete data from multiple devices, R3 Digital Forensics was required to expend significant hours on this matter. Roy Rector, a forensic examiner with R3 Digital Forensics, testified at the Motion for Sanctions hearing, which required preparation time in addition to testimony time. The 74 hours billed by R3 Digital Forensics on this matter were reasonable.[11]

A summary of the attorneys' fees and expenses billed by activity is as follows:[12]

| Summary by Activity | | |
|---|---|---|
| **Motion to Compel** | **Hours Billed** | **Fees** |
| Conference Efforts in Preparation for Motion to Compel | 19 | $ 12,234.00 |
| Preparing Motion to Compel | 38.9 | $ 21,670.50 |
| Replying to Response to Motion to Compel | 23.9 | $ 13,854.50 |
| Replying to Amended Response to Motion to Compel | 48.3 | $ 28,186.50 |
| Responding to Motion for Leave to File Surreply | 12.7 | $ 7,206.50 |
| Additional Conference and Other Efforts Related to Motion to Compel | 19 | $ 12,418.00 |
| Preparing for and Attending Hearing on Motion to Compel | 17.8 | $ 10,260.00 |
| Responding to Emergency Motion to Amend Compel Order | 16.4 | $ 10,165.00 |
| Subtotal | 196 | $ 115,995.00 |

| | | |
|---|---|---|
| **Motion for Sanctions** | **Hours Billed** | **Fees** |
| Preparing Advisories and Related Conference Efforts | 65.4 | $ 39,283.50 |
| Preparing Motion for Sanctions | 45 | $ 26,650.00 |
| Conference and Other Efforts Related to Motion for Sanctions | 6.8 | $ 4,631.00 |
| Replying to Response to Motion for Sanctions | 36.7 | $ 22,030.50 |
| Preparing for and Attending Evidentiary Hearing on Motion for Sanctions | 169.5 | $ 97,823.00 |
| Subtotal | 323.4 | $ 190,418.00 |

| | | |
|---|---|---|
| **Forensic Work** | **Hours Billed** | **Fees** |
| Forensic Related Attorney Work | 11.6 | $ 7,789.00 |
| Subtotal | 11.6 | $ 7,789.00 |

| | | |
|---|---|---|
| Attorneys' Fees Total | 531 | $ 314,202.00 |

| | | |
|---|---|---|
| **Forensic Costs** | **Hours Billed** | **Fees** |
| R3 Digital Forensics Invoices | 74 | $ 23,810.00 |
| Forensic Costs Total | 74 | $ 23,810.00 |

| | | |
|---|---|---|
| Grand Total | 605 | $ 338,012.00 |

---

[11] Exhibit B, Sencenbaugh Decl. ¶ 22.

[12] *See* Exhibit A.

**Exhibit A** organizes each of the time entries (with a description of the work performed) from **Exhibits B.5** and **B.6** by activity as delineated in the summary above. And the declaration of BalanceCXI's lead counsel addresses each of the above activities and gives additional general context for each specific activity and the basis for the time spent on them.[13]

All-in-all, the conduct by Defendants underlying the Motion to Compel and Motion for Sanctions required BalanceCXI to incur significant fees. BalanceCXI's efforts were all reactionary to Defendants' own conduct. BalanceCXI spent months even prior to filing a lawsuit to try to recover its data. And when those efforts failed, forcing BalanceCXI to file this lawsuit, BalanceCXI spent additional months attempting to informally recover its data prior to serving formal discovery on Defendants. The hours and fees escalated as Defendants stonewalled BalanceCXI and filed motion after motion in response to the Motion to Compel, forcing BalanceCXI to jump through hoop after hoop to track and recover its data.[14] This continued through the Motion for Sanctions, with Defendants waiting until their response to the Motion for Sanctions to admit that they connected (and then destroyed) yet another device. Had Defendants simply turned over the BalanceCXI computers unaltered, these efforts would have been unnecessary.[15]

Therefore, given the circumstances, the 531 attorney (and staff member) hours and 74 R3 Digital Forensics hours billed to BalanceCXI, which reflect reductions based on the exercise of billing judgment, were reasonable.

---

[13] Exhibit B, Sencenbaugh Decl. ¶ 24-37.

[14] Exhibit B, Sencenbaugh Decl. ¶ 38.

[15] Exhibit B, Sencenbaugh Decl. ¶ 38.

### D. The *Johnson* factors support the lodestar amount.

While the lodestar is presumed reasonable, the Court may either accept the lodestar figure or decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors, which are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

Here, the applicable *Johnson* factors support the presumption of the lodestar's reasonableness and no reduction is warranted. Specifically, as discussed in greater detail in BalanceCXI's counsel's declaration, this case required significant time and labor; involved novel and difficult legal issues; precluded other employment by BalanceCXI's counsel; required a high level of skill to perform the services properly; incurred customary fees; implicated a large monetary amount (existential crisis for BalanceCXI); resulted in a favorable outcome; involved attorneys with experience, reputation, and ability; and involved a professional relationship between BalanceCXI and its counsel that was arms-length transaction and only for this matter.[16]

---

[16] Exhibit B, Sencenbaugh Decl. ¶¶ 24-46.

## CONCLUSION AND PRAYER

As Judge Austin noted, Defendants have their own actions and lack of transparency to blame for the significant amount of legal resources BalanceCXI was forced to expend:

> Their actions and their lack of transparency required that BalanceCXI hire a forensic specialist, and expend a significant amount of legal resources just to identify what the Defendants had done to the ESI that was on their laptops and other devices. None, or very little, of this work would have been necessary had Defendants turned over their computers unaltered, and a good deal of it would have been unnecessary if Defendants had not stalled in producing the storage devices, and handed them over unaltered.[17]

This is a "rare" case.[18] The Court's award not only compensates the victim of Defendants' discovery misconduct, but more importantly, serves to deter future parties from the kind of "serial" and "pernicious pattern of evidence destruction" that occurred here.[19]

For these reasons, BalanceCXI respectfully requests that the Court award BalanceCXI with $314,202.00 of attorneys' fees and expenses, $23,810.00 in forensic costs, and any other relief to which it is entitled.

Dated: February 17, 2021.

---

[17] Report and Recommendation (Dkt. No. 98), at p. 28.

[18] *See* Report and Recommendation (Dkt. No. 98), at p. 21.

[19] *See* Report and Recommendation (Dkt. No. 98), at pp. 22, 25.

        Respectfully submitted,

        */s/ Adam H. Sencenbaugh*
        Adam H. Sencenbaugh
        adam.sencenbaugh@haynesboone.com
        State Bar No. 24060584
        J. Iris Gibson
        iris.gibson@haynesboone.com
        State Bar No. 24037571
        Henson Adams
        State Bar No. 24101418
        henson.adams@haynesboone.com
        HAYNES AND BOONE, L.L.P.
        600 Congress Avenue, Suite 1300
        Austin, Texas 78701
        Telephone:  512-867-8400
        Facsimile:  512-867-8470

        **ATTORNEYS FOR BALANCECXI, INC. D/B/A ZACOUSTIC**

## CERTIFICATE OF CONFERENCE

      The undersigned certifies that on February 11, 2021, he sent correspondence to counsel for Defendants with the attorneys' fees and costs sought in this Application (and enclosed the redacted invoices with the correspondence) and invited Defendants' counsel to confer on an agreement pursuant to Local Rule CV-7(j).

      On February 12, 2021, counsel for Defendants DeSimone and ICAR responded via email that they would be filing a motion for reconsideration of the Court's Amended Order and suggested tabling the discussion regarding fees until after that motion was resolved. Minutes later, counsel for Defendants responded they would be doing same and suggested a call between the attorneys. That same day, the undersigned counsel for BalanceCXI responded with a suggested time for such a call, but counsel for Defendants did not respond.

      Based on the communications outlined above, counsel for BalanceCXI believes that Defendants oppose the instant Application due to their desire to file a motion to reconsider the Court's Amended Order.

        */s/ Adam Sencenbaugh*
        Adam Sencenbaugh

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 17, 2021, a copy of the foregoing instrument was served on counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

                                                       */s/ Henson Adams*
                                                       Henson Adams

4842-5850-7740