IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BALANCECXI, INC. *d/b/a*
ZACOUSTIC,

        Plaintiff,

v.

INTERNATIONAL CONSULTING &
RESEARCH GROUP, LLC, et. al.,

        Defendants.

§
§
§
§
§
§
§
§
§
§
§

1:19-CV-767-RP

## ORDER

Before the Court is Defendant Christopher DeSimone's ("DeSimone") Motion for

Reconsideration, (Dkt. 116), and Plaintiff BalanceCXI, Inc. d/*b*/*a* Zacoustic's ("BalanceCXI")

response, (Dkt. 118). Having considered the motion and the responsive filing, the Court finds that

the motion should be denied.

## I. BACKGROUND

BalanceCXI filed a motion for Rule 37(b) discovery sanctions against Defendants

DeSimone, International Consulting & Research Group, LLC ("ICAR"), and Adam Oldfield

("Oldfield") (collectively, "Defendants"), (Mot. Sanctions, Dkt. 66), which this Court granted in its

amended order adopting the report and recommendation of United States Magistrate Judge Andrew

Austin, (Order, Dkt. 111). DeSimone then filed the instant motion, seeking reconsideration of this

Court's order for two reasons. (Mot., Dkt. 116, at 2). First, DeSimone argues that Judge Austin's

report and recommendation included "erroneous findings of fact . . . that fundamentally prejudiced

Mr. DeSimone." (*Id.*). Second, DeSimone contends that his former counsel should "bear some or

all" of the "financial responsibility for the discovery problems that resulted from counsel's advice

and representation." (*Id.*). BalanceCXI responds that the contradictions in DeSimone's testimony

belie his assertion that Judge Austin relied on erroneous findings of material facts, and that the evidence on the record "shows that DeSimone did indeed anticipate litigation prior to and during DeSimone's destruction of evidence." (Resp., Dkt. 118, at 4, 12).

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). DeSimone asserts his motion under Rule 60(b). (Dkt. 116, at 2). "A motion filed after judgment requesting that the court reconsider its decision in light of additional evidence constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The date when the relief-seeking party files the motion determines which rule applies: if the motion is filed within 28 days after the entry of final judgment, it is subject to Rule 59(e); otherwise it is subject to Rule 60(b). *Id.*[1] Initially, because DeSimone filed his motion within 28 days of the Court's entry of its order granting BalanceCXI's motion for Rule 37(b) discovery sanctions, it is subject to Rule 59(e). (*See* Mot. Reconsider., Dkt. 116); Fed. R. Civ. P. 59(e); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts

---

[1] *Texas A&M Research Found.* discussed the 10-day period specified in the version of Rule 59(e) in effect when it was decided in 2003. 338 F.3d at 400. In 2009, Rule 59 was amended to extend the 10-day period to 28 days. Fed. R. Civ. P. 59 advisory committee's note to 2009 amendment. However, the logic of the *Texas A&M Research Found.* rule still applies to the extended period.

should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, the Fifth Circuit recognizes limited grounds on which a Rule 59(e) motion may be granted: (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). A motion under Rule 59 cannot be used to "raise arguments which could, and should, have been made before the judgment issued." *Demahy*, 702 F.3d 177 at 182.

### III. DISCUSSION

DeSimone posits that reconsideration is appropriate because Judge Austin made "erroneous findings of fact" and because DeSimone believes his prior counsel should bear "some or all" financial responsibility for the discovery violations at issue. (Dkt. 116, at 2). DeSimone first objects to seven findings of fact made by Judge Austin in his report and recommendation. (*Id.* at 3–4). At the outset, the Court finds that DeSimone's factual disputes regarding his and Oldfield's employment relationships with ICAR and other entities are immaterial to Judge Austin's conclusion that DeSimone's discovery violations warranted "the most serious sanction" available under Rule 37. (R & R, Dkt. 98, at 24). These new facts thus cannot support the "extraordinary remedy" DeSimone seeks. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).

Furthermore, the Court declines to consider new facts that were presented to the Court for the first time in the declaration DeSimone attached to his objections to the report and recommendation. Courts assess the following factors in deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued, including: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the motion; and (4) the likelihood of unfair prejudice to the non-

moving party if the evidence is accepted. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). Here, DeSimone has not offered any explanation, either in his objections to the report and recommendation or in his motion for reconsideration, for his failure to present his declaration in a timely fashion. DeSimone also does not posit that his declaration contains any newly discovered information. Because DeSimone failed to explain why he did not present his declaration in a timely manner, the Court declines to entertain his arguments that rely on such evidence. *See Cont'l Cas. Co. v. Tex. Bridge, Inc.*, 2018 WL 4178331, at *1 (W.D. Tex. July 9, 2018).

The remaining factual finding that DeSimone challenges based on timely submitted evidence relates to his knowledge of the use of CCleaner, a file wiping program, to delete files from his Lexar thumb drive on December 6, 2019. (Dkt. 116, at 4). While DeSimone's proffered testimony confirms that Oldfield ran CCleaner on the Lexar thumb drive without DeSimone asking him to do it, the testimony does not necessarily support DeSimone's contention that CCleaner was run without his permission. (Oldfield Dep., Dkt. 83-36 at 186–187; Hr'g Tr. Vol. 2, at 27:4-7). In addition, the Court notes that Judge Austin's conclusions regarding DeSimone's liability for destruction of evidence relied on a plethora of evidence apart from this specific factual finding, which in any event, never explicitly stated that DeSimone ran CCleaner on the Lexar thumb drive, but rather stated that forensic examination of the drive showed that Lexar has been run on it. (R & R, Dkt. 98, at 12, 21–26). Furthermore, Judge Austin's finding that "Defendants deleted evidence multiple times, did so intentionally, and did so despite knowing they had a duty to preserve the evidence" is supported by sufficient evidence on the record apart from this factual finding. (Dkt. 98, at 25). The Court thus finds that reconsideration is not warranted based on DeSimone's factual dispute regarding the Lexar thumb drive.

DeSimone next challenges the Court's order by arguing that because he relied on the advice of counsel in destroying evidence, his prior counsel "should bear some or all of that cost." (Dkt. 116, at 10). Once again, DeSimone relies heavily on his untimely declaration to support this argument. (*Id.* at 8–9). The Court declines to consider DeSimone's untimely new evidence, and further notes that in addition to acknowledging that DeSimone's prior counsel gave Defendants "the questionable instruction to violate their employee policy and remove 'purely personal' material from their laptops," Judge Austin also found that DeSimone ignored his prior counsel's express instruction to "segregate and preserve anything [he] removed." (Dkt. 98, at 22–23). The Court thus finds DeSimone's attempts to foist responsibility for his discovery violations on his prior counsel unavailing.

DeSimone's motion raises arguments that could have been raised before Judge Austin issued his report and recommendation, and as such, it does not present a compelling reason for the "extraordinary remedy" of vacating a judgment. *See Simon*, 891 F.2d at 1159; *Templet*, 367 F.3d at 479.

### IV. CONCLUSION

For these reasons, DeSimone's Motion for Reconsideration, (Dkt. 116), is **DENIED**.

**SIGNED** on May 28, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE