IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BALANCECXI, INC. d/b/a ZACOUSTIC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-767-RP |
| INTERNATIONAL CONSULTING & RESEARCH GROUP, LLC, CHRISTOPHER DESIMONE, and ADAM OLDFIELD, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff BalanceCXI, Inc. d/b/a ZAcoustic's ("BalanceCXI") Application for Attorneys' Fees and Expenses, (Mot. Att'y Fees, Dkt. 112), and all related responses and replies. Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that BalanceCXI, Inc. d/b/a ZAcoustic's Application for Attorneys' Fees and Expenses should be granted in part and BalanceCXI awarded $290,298.25 in fees and costs.

**I. BACKGROUND**

This is a non-competition and theft of trade secrets case. Defendants Christopher DeSimone ("DeSimone") and Adam Oldfield ("Oldfield") (together, "Defendants") are former employees of software development company BalanceCXI and are the principals of International Consulting and Research Group, LLC ("ICAR"). Their employment with BalanceCXI ended on January 15, 2019. Roughly four months later, on April 5, 2019, BalanceCXI's counsel requested that DeSimone and Oldfield return their company laptops. After the request to return their laptops, DeSimone and Oldfield transferred BalanceCXI's confidential information and trade secrets from those laptops to storage devices and then launched specialized software to delete hundreds of thousands of files and folders on the computers to hide their actions.

Ultimately, after lengthy briefing and hearings, including an evidentiary hearing, (*see* Pl.'s Ex. List, Dkt. 83; Defs.' Ex. List, Dkt. 84), the Court found that DeSimone and Oldfield had engaged in a spoliation campaign. The Court granted BalanceCXI's Motion to Compel, (Mot. Compel, Dkt. 12), and Motion for Sanctions, (Mot. Sanctions, Dkt. 66). In his Report and Recommendation, the United States Magistrate Judge recommended that this Court:

> order that Oldfield and DeSimone, jointly and severally, pay BalanceCXI the attorneys' fees and expenses it incurred in filing and arguing the Motion to Compel (Dkt. No. 12) and the instant motion (Dkt. No. 66), and direct the parties to comply with Local Court Rule CV-7(j) to identify those fees, starting with BalanceCXI submitting its application or the parties' agreement within 14 days of the date the District Court acts on this Report and Recommendation.

(R. &. R., Dkt. 98, at 29). This Court adopted the report and recommendation on February 1, 2021. (Order, Dkt. 109). BalanceCXI now moves for its fees and expenses in accordance with the Court's Order. BalanceCXI requests $314,202.00 in fees and $23,810.00 in expenses. Oldfield and DeSimone dispute the amount of fees, arguing that the rates charged and hours worked on the case are unreasonable. (Def.'s Objs., Dkt. 114; Def.'s Obj., Dkt. 115).

## II. LEGAL STANDARD

Federal courts sitting in diversity typically apply the lodestar method[1] in calculating reasonable attorneys' fees under Texas law. *See, e.g.*, *Rappaport v. State Farm Lloyds*, 2001 WL 1467357, at *3 (5th Cir. 2001) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (describing the lodestar method as the "most useful starting point for determining the amount of a reasonable fee"); *see also Gordon v. Quicksilver Jet Sales, Inc.*, No. A-09-CA-409-SS, 2010 WL 3239266, at *1 (W.D. Tex. Aug. 16, 2010) (using the lodestar method to calculate attorneys' fees for plaintiff asserting breach of contract claim until Texas law). Under this approach, the district court first multiplies the number of hours reasonably expended on the litigation by a reasonable hourly billing rate. *La. Power & Light Co.*

---

[1] Defendants do not dispute the use of the lodestar method to determine fees.

*v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *see also El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). Once the lodestar figure is initially determined, the court may adjust the figure upward or downward as necessary in light of several enumerated factors. *La. Power*, 50 F.3d at 324.[1] The burden is on the party seeking attorneys' fees to demonstrate entitlement to the amount sought, including any adjustment or enhancement. *Jackson v. Host Int'l, Inc.*, 426 Fed. App'x. 215, 226 (5th Cir. 2011). An award of attorneys' fees is entrusted to the "sound discretion" of the district court. *Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990).

### III. ANALYSIS

In support of its motion for fees and expenses, and in accordance with Local Rule Cv-7(j), BalanceCXI submits documentation of hours billed by Haynes and Boone, L.L.P., and other expenses. This documentation comprises: (1) a declaration from Haynes and Boone attorney Adam Sencenbaugh, (Sencenbaugh Decl., Dkt. 112-2); (2) a billing summary, (Dkt. 112-1); (3) supporting invoices for legal services, (Dkt. 112-7); and (4) supporting invoices for forensic services, (Dkt. 112-8).

In its summary of attorney's fees, BalanceCXI requests: $139,780.00 for partner Adam Sencenbaugh for 192.8 hours billed at a rate of $725.00 per hour; $26,670.00 for counsel Iris Gibson for 38.1 hours billed at a rate of $700.00 per hour; $136,966.00 for associate Henson Adams for 276.7 hours billed at a rate of $495.00 per hour; $8,860.50 for associate Chrissy Long for 17.9 hours billed at a rate of $495.00 per hour; and $1,925.00 for trial services consultant Mike Brockwell for

---

[1] The lodestar amount is presumptively reasonable and should only be adjusted in exceptional circumstances based on the following *Johnson* factors: (1) the time and labor required for litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorneys had to refuse other work to litigate the case; (5) the attorneys' customary fee; (6) whether the fee was fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was undesirable; (11) the type of attorney-client relationship and whether the relationship was longstanding; and (12) awards made in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

5.5 hours billed at a rate of $350.00 per hour. (Sencenbaugh Decl., Dkt. 112-2, at 5). BalanceCXI supports the reasonableness of its rates by comparison to the rates of attorneys of comparable experience at firms of comparable size in the Austin legal market. It relies on documentation from the Peer Monitor and Valeo Partners, subscription services that track average attorney rates in a variety of legal markets including Austin. (Dkt. 113-2; Dkt. 113-3).

Defendants object to BalanceCXI's requested fees and expenses, asserting the rates charged and hours billed are unreasonable. Defendants maintain that the Court should rely on the State Bar of Texas' 2015 Hourly Rate Fact Sheet (the "Fact Sheet").[2] (Dkt. 114-1). At the rates identified by BalanceCXI, the blended rate for the four attorneys is $603.75 per hour—double the $300 per hour median rate for attorneys in Austin noted in the Fact Sheet—which Defendants argue is unreasonable. Defendants maintain that they should not have to pay for BalanceCXI's choice to retain "expensive" lawyers. (Def.'s Resp., Dkt. 115, at 1). According to Defendants, the fact that Haynes and Boone is an AmLaw 100 Firm should not preclude assessment of its hourly rate for reasonability pursuant to the Fact Sheet. Defendants further assert that this case does not involve the kind of highly specialized legal issues that might justify higher fees. (*Id.*, at 5).

Defendants also argue that the 531 hours claimed for preparing a motion and attending a hearing, which translates to more than $300,000.00 in fees for a discovery dispute, is excessive, and the hours should be reduced. Defendants maintain that much of the legal work is overlapping and unnecessary. (*Id.*, at 3). They cite the following as examples of unnecessary work: 38 hours on "conferences" and "other efforts" related to the Motion to Compel; 6.8 hours related to "conferences" and "other efforts" related to the Motion for Sanctions; 65.4 hours for "preparing advisories" and other "related conference efforts"; 20 hours that Sencenbaugh and Adams spent

---

[2] The fact sheet states that reasonable hourly rates are: $350 for attorneys with over 25 years' experience, $300 for those with twenty years, $250 for those with eight years, and $217 for those with two years or less. *Hourly Rate Fact Sheet*, STATE BAR OF TEXAS DEPT. OF RESEARCH AND ANALYSIS, 2 (2015).

4

drafting the deficiency letter sent to Defendants; 48.3 hours for preparing a reply to Defendants' amended response to Plaintiff's Motion to Compel; and 170 hours for preparing the Motion for Sanctions. (Def.'s Resp., Dkt. 115, at 3-4). Under Defendants' framing, these figures stand in contrast to the 74 total hours billed by the forensics firm hired by BalanceCXI. Defendants do not assert that the *Johnson* factors should be applied; they question only the proper basis for the Court's determination of the lodestar.

In *Aperia Solutions, Inc., v. Evance*, 3:18-CV-03276-X, 2021 WL 3710563, at *3 (N.D. Tex. Aug. 19, 2021), the Court faced a similar issue regarding whether to use the Fact Sheet as a basis for determining the reasonableness of attorney's fees. The court there noted that while the Fact Sheet identifies statewide average hourly rates for attorneys of different experience levels, it calculates those rates based exclusively on responses to the State Bar's survey—conducted more than six years ago. Moreover, the survey's response rate was only 12.5 percent, which the Court found to be too small a sample to be reliable, especially in particular legal markets. *Id.* While the Fact Sheet may in some cases have a place in the lodestar analysis, the Court finds that in this case, it should be given little weight.

The Court finds that the rates charged by Haynes and Boone are within the range of reasonable rates charged by many other Austin firms for comparable work. Indeed, "[i]t is well-established that the Court may use its own expertise and judgment to independently assess the hourly rates charged for attorney's services." *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976). As the Court explained in *Aperia*, "[a]ttorney hourly rates are on the rise in major Texas legal markets, particularly in business and commercial practices." 2021 WL 3710563, at * 4, n.22. Based on a review of the record and the Court's knowledge of rates in this locality and practice area, the Court determines that the rates charged by Haynes and Boone for this case are reasonable.

The Court finds that, after taking the average of the rates of the four attorneys involved, the blended rate of $603.75 per hour is a proper basis by which to ascertain the lodestar. However, while the Court finds that fee rates are reasonable, it finds that some of the hours billed are not. Specifically, the Court declines to award fees for the 38 hours billed for "conferences" and "other efforts" related to the Motion to Compel and the 6.8 hours related to "conferences and "other efforts" related to the Motion for Sanctions that appear to constitute BalanceCXI's coordination of its legal team, for which Defendants are not required to pay. Additionally, the Court finds that the 170 hours to prepare the Motion for Sanctions was excessive, as much of that work should have been completed previously. Accordingly, the Court finds that BalanceCXI should be awarded fees for only three-quarters of the time expended on the preparation of the sanctions motion. This amounts to 127.5 hours.

The Court finds the lodestar should be calculated by multiplying 438.2 billable hours by the blended rate of $603.75 per hour. The results in a fee award of $264,563.25. The Court further awards $1,925.00 for 5.5 hours billed by trial services consultant Mike Brockwell at a rate of $350.00 per hour, for a total award of $266,488.25. Additionally, the Court awards $23,810.00 for the forensics costs incurred through use of R3 Digital Forensics. Thus, the Court awards total costs and fees in the amount of $290,298.25.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff BalanceCXI, Inc. d/b/a ZAcoustic's Application for Attorneys' Fees and Expenses, (Pl.'s Mot., Dkt. 112), is **GRANTED IN PART**. **IT IS FURTHER ORDERED** that BalanceCXI is awarded attorneys' fees of $266,488.25 and costs of $23,810.00 for a total award of $290,298.25.

**SIGNED** on September 22, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE